## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| **GLENN E. HARMON, SR.,** | : | **Bankruptcy No. 09-22905 BM** |
| | : | |
| **Debtor** | : | **Chapter 7** |
| **GLENN E. HARMON, SR.,** | : | |
| | : | |
| **Movant** | : | |
| | : | |
| v. | : | **Doc. # 15: Motion To Avoid Lien** |
| | : | |
| **PENNSYLVANIA NATIONAL** | : | **Doc. # 16: Motion To Avoid Lien** |
| **INSURANCE COMPANY; and** | : | |
| **CAPITAL ONE BANK (USA),** | : | |
| | : | |
| **Respondents** | : | |

### MEMORANDUM OPINION

Debtor Glenn Harmon has brought separate motions to avoid the judicial liens of Pennsylvania National Insurance Company (PNIC) and Capital One Bank. He asserts that the judicial liens impair an allowed § 522(d)(1) exemption he has taken in his personal residence and therefore are avoidable in accordance with § 522(f) of the Bankruptcy Code. PNIC has objected to debtor's motion to avoid its judicial lien. Capital One Bank has not responded to the motion to avoid its judicial lien.

Debtor's motions will be granted. Both judicial liens may be avoided in their entirety because they impair debtor's allowed § 522(d)(1) exemption.

## BACKGROUND

Debtor was involved in a motor vehicle collision in 1990 in which an employee of a municipality was physically injured while operating one of its vehicles. The municipality was insured at the time by PNIC, which paid the municipality $4,860.37 for damage to its vehicle and paid the employee $35,000.00 for his physical injuries. The amount PNIC paid out totaled $39,860.37. Debtor thereafter was charged in connection with the incident with driving while intoxicated. He entered a plea of guilty in 1991 and was sentenced to a period of incarceration. As subrogee of the municipality and its employee, PNIC brought a civil action against debtor in state court in 1992 to recover its losses. PNIC asserted, among other things, that debtor was intoxicated when the incident occurred. A default judgment in the amount of $39,860.37 in favor of PNIC was entered when debtor did not answer the complaint.

Debtor subsequently made payments totaling $2,635.00 to PNIC, thereby reducing his liability to PNIC from $39,860.37 to $37,225.37 ($39,860.37 — $2,635.00 = $37,225.37).

Capital One obtained a judgment in its favor in the amount of $1,196.78 on April 13, 2009, in connection with an unpaid credit card debt.

Debtor filed a voluntary chapter 7 petition on April 23, 2009. Included among the assets listed on the bankruptcy schedules was real property with a declared value in the amount of $25,000.00. The schedules also indicated that the property was subject to a

mortgage lien in the amount of $20,749.26 and a tax lien in the amount of $105.00. The amount these liens totals $20,854.26 ($20,749.26 + $105.00 = $20,854.26).

Debtor claimed an exemption in the real property in the amount of $2,974.74 in accordance with § 522(d)(1) of the Bankruptcy Code. The exemption was allowed when no party-in-interest objected prior to the deadline for so doing. See *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 1644 (1992).

Debtor has filed motions in accordance with § 522(f) of the Bankruptcy Code to avoid the judicial liens of PNIC and Capital One Bank on the theory that they impair the exemption he has taken in his personal residence.

The motions have been heard. While it had not filed a response, PNIC appeared at the hearing and objected to debtor's motion to avoid its judicial lien. For its part, Capital One neither filed a response to the motion to avoid its judicial nor appeared at the hearing on debtor's motion. The court directed debtor and PNIC at the conclusion of the hearing to submit a stipulation of facts and to brief the issues.

## ANALYSIS

PNIC concedes in its brief that the portion of its judgment relating to damage to the municipality's vehicle in the amount of $4,860.23 is dischargeable. As for the unpaid portion of its judgment relating to the personal injuries of the municipality's employee, PNIC asserts that the debt is excluded from discharge by § 523(a)(9) of the Bankruptcy Code because debtor pled guilty to the charge of driving while intoxicated at the time of the accident.

As we understand its objection, PNIC asserts that the real property in which debtor has taken an exemption in accordance with § 522(d)(1) remains liable for the debt underlying its judicial lien because the debt is excluded from discharge by § 523(a)(9). From this assertion PNIC apparently would have us conclude that debtor may not avoid its judicial lien.

PNIC did not explain why it believes this assertion is correct and, if it is correct, did not explain how it bears on debtor's motion to avoid its judicial lien. Circumstances lead us to conclude that the assertion is not correct. Proceeding with an abundance of caution, however, we will address the assertion anyhow.

Unless a bankruptcy case is dismissed, property that has been exempted in accordance with § 522(d) of the Bankruptcy Code *generally* is not liable during or after the bankruptcy case for a pre-petition debt. 11 U.S.C. § 522(c). As is the case with many general principles, however, there are exceptions.

For instance, property exempted by a debtor in bankruptcy remains liable for a pre-petition debt that is excluded from discharge by § 523(a)(1) or § 523(a)(5) of the Bankruptcy Code. 11 U.S.C. § 523(c)(1). Also, property that has been exempted remains liable for the pre-petition debt which underlies the judicial lien *unless* the lien is avoided pursuant to § 522(f) and is not void under § 506(d) of the Bankruptcy Code. 11 U.S.C. § 522(c)(2).

As far as we can determine, PNIC's assertion that the exempted property remains liable for the debt owed to it because the debt is excluded from discharge is based on § 522(c)(1).

Assume for the sake of argument that PNIC is correct in asserting that the debt owed by debtor is excluded from discharge by § 523(a)(9). Contrary to what PNIC maintains, the real property in which debtor has an allowed § 522(d)(1) exemption is *not* liable for the debt.

The exception to § 522(c) which is set forth at § 522(c)(1) expressly refers *only* to § 523(a)(1) and § 523(a)(5). It does *not* refer to § 523(a)(9). The Third Circuit has read § 523(c)(1) narrowly and *rejected* an attempt to expand its scope to include debts that are excluded from discharge by § 522(a)(2) of the Bankruptcy Code. *Walters v. U.S. Bank in Johnstown*, 879 F.2d 95, 97 (3d Cir. 1989).

The rationale employed by the Third Circuit applies with equal force to a debt that is excluded from discharge by § 523(a)(9). The real property in which debtor has taken a § 522(d)(1) exemption is *not* liable for the debt owed to PNIC merely because the debt is excluded from discharge by § 523(a)(9).

There is no indication that Congress intended for § 523 to "trump" § 522. *Walters*, 879 F.2d at 97. Had Congress so intended, the exceptions set forth at § 522(c)(1) would be redundant. *Id.* Congress struck a balance between the "somewhat conflicting" goal of providing a debtor with a fresh start and the goal of discouraging misconduct by excluding

only certain debts from discharge. Although we may not agree with what Congress has done, it is not for this court to disregard the law as it is written. Id., 879 F.2d at 98.

Having determined that the property exempted by debtor in fact is not liable for the debt underlying PNIC's judicial lien, consider next PNIC's desired conclusion that debtor may not avoid its judicial lien. Resolution of this issue depends on whether the exception set forth at § 522(c)(2)(A)(I) applies here.

The language of § 522(c)(2)(A)(I) unquestionably is convoluted. After untangling it, we understand it as effectively providing that *if* a debt secured by a judicial lien is avoidable in accordance with § 522(f), property in which a debtor has taken an exemption is not liable for the debt underlying the lien.

A debtor may avoid the fixing of a judicial lien (other than a judicial lien that secures a debt of a kind that is specified in § 523(a)(5)) in an interest of the debtor in property to the extent that the lien impairs an exemption to which the debtor would have been entitled under § 522(b) of the Bankruptcy Code. 11 U.S.C. § 522(f)(1)(A).

The formula for determining impairment is set forth at § 522(f)(2)(A) of the Bankruptcy Code. A judicial lien impairs an exemption taken by a debtor to the extent that the: (1) the judicial lien at issue; (2) all other liens on the property; and (3) the amount of the exemption that debtor could take if there were no liens on the property; exceeds the value of the debtor's interest in the property in the absence of any liens. 11 U.S.C. § 522(f)(2)(A). If the property is subject to more than one judicial lien, a lien that has

been avoided shall not be considered in making a calculation with respect to other judicial liens. 11 U.S.C. § 522(f)(2)(B).

Consider first the judicial lien of Capital One Bank. Because it is the later in time it is subordinate to the judicial lien of PNIC.

The amount of Capital One's judicial lien is $1,196.78.

The other liens on the exempted property are: a mortgage lien in the amount of $20,749.62; a tax lien in the amount of $105.00; and the judicial lien of PNIC in the amount of $37,255.63. These liens total $58,109.63 ($20,749.26 + $105.00 + $37,255.37 = $ 58,109.63).

The amount of the exemption debtor could have taken in the real property if there were no liens on the property is $20,200.00. 11 U.S.C. § 522(d)(1).

Taken together, these liens total $79,506.41 ($1,196.78 + $58,109.63 + $20,200.00 = $79,506.41).

According to the above formula for determining impairment which is set forth at § 522(f)(2)(A), the total value of these three variables exceeds by $54,506.61 the value of debtor's interest in the property had there been no liens of any kind ($79,506.41 − $25,000.00 = $54,506.41). There is no fractional portion of Capital One's judicial lien which could be avoided so that debtor's exemption is not impaired by it. Debtor consequently may avoid the judicial lien of Capital One in its entirety.

Consider next the judicial lien of PNIC.

We previously determined that the judicial lien of PNIC and the other liens on the exempted property come to $58,109.63. We also determined that the exemption debtor could have taken in the property if there were liens totals $20,200.00. Together, these amounts total $78,309.62 ($58,109.63 + $20,200.00 = $78,309.63). This aggregate amount exceeds by $58,309.63 the value of debtor's interest in the property had there been no liens of any kind ($78,309.63 − $25,00.00 = $53,309.63). Debtor therefore may avoid the judicial lien of PNIC in its entirety.

An appropriate order will issue.

_____ 11-13-09
**BERNARD MARKOVITZ**
U.S. Bankruptcy Judge

FILED

NOV 13 2009

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| GLENN E. HARMON, SR., | : Bankruptcy No. 09-22905 BM |
| : | |
| Debtor | : Chapter 7 |
| GLENN E. HARMON, SR., | : |
| Movant | : |
| v. | : Doc. # 15: Motion To Avoid Lien |
| PENNSYLVANIA NATIONAL INSURANCE COMPANY; and CAPITAL ONE BANK (USA), | : Doc. # 16: Motion To Avoid Lien |
| Respondents | : |

## ORDER OF COURT

AND NOW, _11-13-09_, it hereby is **ORDERED, ADJUDGED** and **DECREED** that debtor's motions to avoid the judicial liens of Pennsylvania National Insurance Company and Capital One Bank **SHALL** be and hereby are **GRANTED**. Said liens are **AVOIDED IN THEIR ENTIRETY**.

It is **SO ORDERED**.

_____
**BERNARD MARKOVITZ**
U.S. Bankruptcy Judge

*Case Administrator to send to:*
Glenn E. Harmon, Sr.
Preston T. Younkins, Esquire
Harry N. Sydor, Esquire
Lisa M. Swope, Esquire
United States Trustee

FILED

NOV 13 2009

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA